UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:07CR-25-S

RICKY CALLOWAY                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Ricky Calloway, to suppress evidence seized in the search of his residence on December 19, 2006.  Calloway challenges the affidavit in support of the application for search warrant as lacking in probable cause.

Detective Aaron Crowell of the Louisville Metro Police Department executed an affidavit in support of an application for a search warrant for 7219 Oakburn Drive.  The affidavit described Calloway's residence and six vehicles registered to Ricky Calloway or Ronald Jefferies often at the residence where it was suspected that cocaine, marijuana, large sums of cash and drug trafficking paraphernalia would be found.

The affidavit contained information that:

1.  Calloway and Jefferies both had prior convictions for cocaine trafficking.

2.  Calloway was known to be the owner of 7219 Oakburn Dr. and was confirmed to be exercising control over the property and operating vehicles from that location on a daily basis. Jefferies was also seen coming and going from the property on numerous occasions.  Calloway was also observed transporting trash away from the residence, a common tactic of drug dealers to avoid discovery of narcotics activity through "trash pulls" by law enforcement officers.

3.  There was an unusual amount of vehicle traffic at the location, including vehicles from out of state.

4.  During the period of the investigation, a confidential informant provided the affiant with information that Calloway "move[d]" 300 kilos of cocaine at a time, had a Mexican connection for large quantities of cocaine, and used female "mules to transport cocaine from areas outside Kentucky.

5.  Also during the period of the investigation, the affiant received information from a number of other officers concerning prior investigations of Calloway, including an encounter at the Louisville airport in 2001.  Calloway had been found at that time to have $3,000 in cash, drug notes, and a UPS tracking number in his possession.  The UPS package was later found to contain metal canisters, similar in appearance to shaving cream cans, with false bottoms.

6.  Electronic surveillance of one of the vehicles seen frequently parked at the residence and operated frequently by both Calloway and Jefferies, a 1998 Lincoln Town Car, established that the vehicle traveled from Louisville to Houston, Texas, remained in Texas for forty-eight hours, then departed along the same route.  The affiant noted that Texas is a known source state for the introduction of illegal narcotics to the Louisville area.

7.  On December 18, 2006, the Louisiana State Police stopped the vehicle, and a search of the trunk of the vehicle led to the seizure of nine kilos of cocaine and $80,000.00 in cash.

The United States Supreme Court held in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) that "[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for...conclud[ing]' that probable cause existed [citation omitted]."

In this instance, there was both historical and contemporaneous information concerning Calloway and Jefferies.  Both men had prior convictions for cocaine trafficking, a confidential

informant relayed information concerning Calloway's method of transportation of large quantities of cocaine.  His home and vehicles were under surveillance.  An unusually high volume of traffic including vehicles from out of state were seen frequenting the residence, Calloway and Jefferies were seen coming and going in various vehicles from the residence including a 1998 Lincoln Town Car  which was later found to have traveled to Texas to transport nine kilos of cocaine and $80,000 in cash.  Calloway was known to be the owner and occupier of 7219 Oakburn Drive, and had been observed transporting trash away from the residence which, in the officers' experience, was noted often intended to conceal drug trafficking activity.  Jefferies, also a convicted cocaine trafficker, was seen to frequent the residence as well.

The reliability of the information obtained from the confidential informant was bolstered by information from other officers concerning prior investigation of Calloway, prior trafficking convictions of Calloway and Jefferies, surveillance of Calloway's residence and the monitoring of activity there, and the seizure of drugs and cash from a vehicle frequently at Calloway's residence and operated by him.  There was sufficient information from which a magistrate could reasonably conclude that there was a fair probability that contraband or evidence of a crime would be found at 7219 Oakburn Drive.  *Gates*, 462 U.S. at 238.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Ricky Calloway, to suppress evidence (DN 84) is **DENIED**.

**IT IS SO ORDERED.**