UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:07-CR-25-CRS

RICKEY CALLOWAY                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of the motion of defendant, Rickey
Calloway, for compassionate release (DNs 477, 478).  He also mentions release to home
confinement, although it is not clear from his filing whether he is seeking home confinement
alternatively to his request for a reduction in sentence.  Calloway is incarcerated at the
Millington Federal Prison Camp ("FPC") in Millington, Tennessee, a separate satellite facility
associated with the Federal Correctional Institution – Memphis.  He is serving a 240-month
prison sentence.[1]  Millington FPC presently reports no positive cases of COVID-19 among the
inmates in the institution.[2]  Thus, Calloway currently seeks relief urging fear of developing a life-
threatening illness from COVID-19 infection, when he presently faces no such risk in the facility
in which he is housed.  This fact alone warrants denial of the defendant's motion.  However, we
address the merits of his arguments herein and conclude that Calloway has not established an
extraordinary and compelling reason for reduction of his sentence.

---

[1] Calloway was sentenced to life in prison on July 24, 2009 (DN 252).  His life sentence was commuted to 240 months
by an executive grant of clemency on January 18, 2017 (DN 430).

[2] BOP.gov/coronavirus/- the BOP's COVID-19 Resource Page, Inmate Test Information by Facility, the Court's usual source for
current COVID-19 information,  provides only the information for FCI Memphis.  The Court obtained the information concerning
FPC Millington directly from the Millington facility..

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[3] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[4] As of the date of this writing, there are 76,382,044 confirmed cases worldwide and 1,702,128 deaths; in the United States, there are 17,712,290 confirmed cases and 315,318 deaths.[5] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the Court addresses motions for compassionate release, and Calloway' motion in particular here, with the gravity of the situation in mind.

Calloway was convicted of attempt to possess with the intent to distribute and conspiracy to possess with intent to distribute cocaine, interstate travel and act in aid of an illegal business enterprise involving narcotics and controlled substances, and possession of a firearm by a convicted felon, 6 counts in all. Calloway had four qualifying felony drug convictions pre-dating these federal charges which resulted in the imposition of a life sentence in this case.

Calloway filed the present motion for compassionate release after first making a request with the Bureau of Prisons ("BOP"). The records indicate that on June 1, 2020 Calloway requested that the warden consider him for a reduction in sentence/compassionate release on the grounds of medical debilitation and the prevalence of COVID-19. On June 16, 2020, the warden

---

[3] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who- director-general-s-opening-remarks-at- the-media-briefing-on-covid-19--11-march-2020).

[4] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel- coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.

[5] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://COVID19.who.int/ (last visited December 23, 2020).

denied Calloway's request, noting that he did not meet the requirements for a debilitating medical condition warranting a reduction in sentence and that the COVID-19 pandemic was not, alone, a ground for early release.  DN 484-2.  Calloway filed his motion for compassionate release (DN 477, 478)[6] with the Court on October 8, 2020 and November 6, 2020, respectively.

Initially we note that despite the defendant's request for an order of release to home confinement, the home-confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not contain any provision for judicial review. Thus, his motion as it pertains to home confinement must be dismissed for lack of jurisdiction. *See United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020) (recognizing, in case in which inmate invoked COVID-19 as reason for home confinement, that "the Court lacks authority to designate home confinement"); *see also United States v. Carter*, No. 1:18-cr-86-JMS, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020) (citing *Garza* in denying inmate's request to serve his sentence on home confinement because inmate had "not established that the Court has the power to grant him the relief he seeks"); *United States v. Brown*, No. RDB-16-cr-00553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (denying a motion for home confinement filed by a prisoner citing concerns over COVID-19 because "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

18 U.S.C. § 3582(c)(1)(A) permits a court to modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons. Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons. However, the First Step Act, PL 115- 391, 132 Stat 5194 (Dec. 21, 2018), amended 18

---

[6] The defendant filed a motion for compassionate release and a "motion to amend motion for compassionate release" shortly thereafter.  The Court has reviewed and considered Calloway's original motion as well as the amended version which amplifies the arguments and includes medical and other documentation.

U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"

Calloway has satisfied the exhaustion requirement of the First Step Act. He properly sought relief from the BOP, was denied, and now filed a motion with the Court. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, *2 (June 2, 2020)("For a prisoner to take his [compassionate release] claim to court, "he must 'fully exhaust[ ] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison.").

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In the Commentary to U.S.S.G. § 1B1.3,[7] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

---

[7] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019);*United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider."
*United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

**(A) Medical Condition of the Defendant.--**

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Calloway is 46 years old. He has a history of a prior malignant cancer in 2016. The tumor was resected and he received radiation therapy and follow-up. Most recently, in late 2019, Calloway had a PET scan which showed no evidence of recurring disease. DN 484, PageID #4134. A Clinical Encounter – Administrative Note dated November 20, 2020 indicates

"Consult in place for surveillance late 2020/early 2021.".  *Id.*  Calloway urges in his motion for compassionate release that his history of cancer, childhood asthma, and a family history of heart disease, dementia, and cancer place him at a higher risk for an adverse outcome should he contract the COVID-19virus.  DN 478, p. 3.   This is the sole ground for his assertion of "extraordinary and compelling" circumstances warranting relief.

With respect to Calloway's concern that he is more susceptible to adverse outcomes if infected, he states that "The CDC has labeled cancer as top tier or the number one underlying health condition that is at greater risk for severe illness or death from COVID 19 along with asthma." DN 478, p. 3.  Accepting this statement as true,[8] it is of little help to Calloway as he does not point to evidence that indicates the he has moderate to severe asthma or that he has, at present, active disease leading to a compromised immune system.

First, we note that the medical records state that Calloway's last PET scan did not detect any recurrent disease.  His health is being monitored and he will be evaluated again shortly, as indicated in administrative notes from a month ago.   We have no documentary evidence concerning Calloway's contention that he presently suffers from asthma symptoms.  A Clinical Encounter record from August 2020 included with his motion for compassionate release states he reported some shortness of breath during rest and exercise.  It was noted that although he has a history of childhood asthma, Calloway has not used an inhaler in over eight years.  His physical exam was normal, his oxygenation was 99% and he was in no distress.  DN 478-2, PageID #4080.   The Court has not been directed to any other evidence that would support

---

[8] The Court can take judicial notice of the CDC's published list of underlying medical conditions which place individuals at an increased risk of severe illness from COVID-19 which does not include asthma.  Moderate to severe asthma is identified by the CDC as a condition which *might pose an increased risk* for severe illness from COVID-19. Those individuals with asthma are advised, among other things, to take follow their asthma action plan, avoid asthma triggers and know how to use and continue to use their inhaler.

Calloway's claim asthma concerns.  Additionally, we reiterate that as of this writing there are no cases of COVID-19 among the inmate population at Millington FPC.  The Court has nothing upon which to find an extraordinary and compelling reason for compassionate release at this time.

It appears that Calloway's health conditions are being monitored and he is receiving medical care as needed.  *United States v. Lake*, No. 5:16-076-DCR, 2019 WL 4143293 (E.D.Ky. Aug. 30, 2019)(defendant's chronic conditions do not limit ability to provide self-care in the correctional facility); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)(compassionate release denied: "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. Turhani*, 2020 WL 2847182 (N.D.Ohio June 2, 2020)(Petitioner without CDC risk factors denied compassionate release despite COVID-19 outbreak in prison, holding that the existence of a pandemic does not authorize the court to usurp the BOP's authority and empty prisons.).

Again, we reiterate that there are no cases of COVID-19 presently among the prison population at Millington FPC.  Further, with continuing vigilance, the BOP has issued revised policies to combat the spread of the virus in its facilities. See https://www.bop.gov/.  By contrast, Kentucky reported 3,057 new cases of COVID-19 today  (see https://www.kycovid19.gov), and a positivity rate of 8.48%. (see https://www.chfs.ky.gov).  Accordingly, Calloway's concern about being at a higher risk of contracting COVID-19 in Millington FPC (which has a maximum population of 75) as compared to being released is simply not borne out by the statistics at this time.

Even when a defendant is statutorily eligible for a sentence reduction based on

extraordinary and compelling reasons, compassionate release is only appropriate after consideration of the factors set forth in 18 U.S.C. §3553(a) and where the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 4142(g).

The United States urges under §3553(a)(1), that the nature and circumstances of Calloway's crimes weigh against release from custody.  The Court agrees.

Calloway has multiple convictions for drug trafficking crimes, thus the Court must consider the likelihood that this defendant would reoffend.

Further, the sentencing factors were thoroughly and carefully considered in imposing sentence in this case.  The nature and circumstances of the offense, the weight of the evidence, Calloway' history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by his release were taken into account in reaching the imposition of a life sentence.  His conviction and sentence were affirmed on appeal.  His sentence was reduced to 240 months solely by executive order.  The Court finds no ground to justify any reduction in Calloway's sentence of 240 months, and that a reduction would fail to respect the seriousness of his crimes.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Rickey Calloway, for compassionate release (DN 477, 478) is **DENIED.**

**IT IS SO ORDERED.**

January 5, 2021

cc:   Counsel of Record
Rickey Calloway, *pro se* Reg. No.10431-033
Millington FPC
P.O.Box 2000
Millington, TN 38053

Charles R. Simpson III, Senior Judge
United States District Court

8